# Barnes' Appeal.

1. An application for an issue before an auditor, made eight days after the audit has closed, but before the auditor's report is prepared and filed, is in very strict practice made too late ; and if the allegations of the party asking the issue are not very definite and precise, the issue will be rightly refused.

APPEAL from the Orphans' Court of *Susquehanna County.*
*Per curiam.*—It was eight days after the hearing and after

[Hottenstein *v.* Clement.]

the audit was closed, but before the auditor's report was made up and filed in court, that this issue of fact was applied for. In very strict practice, therefore, it was too late. Let us, however, look at its merits.

Thos. J. Barnes inherited from his father a share in his land worth nearly three hundred dollars, and some time afterwards he conveyed it in trust for his wife and children, declaring in his deed that he was "desirous that the said interest should be enjoyed by his wife and children," and that he conveyed it "for divers good causes and considerations, especially in consideration of one dollar." Shortly afterwards several judgments were entered against him; and the land being converted into money by the Orphans' Court in making partition, his creditors claim to be paid out of his share, on the ground that the conveyance, being a voluntary one, is void as to them.

In order to obtain an issue to try her right, the wife filed an affidavit, which we understand as saying that she paid a full consideration for the property from her own money, which she paid at the time of the conveyance, and which she had let her husband have before the purchase, and then she asks an issue to try whether she is not a *bona fide* holder, but not whether she had paid value, though perhaps she means this. The court refused the issue.

When we take into consideration the tardiness of her application, the consideration mentioned in the deed accepted by her, the form of the issue asked for by her, the indefiniteness of her allegations of purchase and payment, and the absence of any allegation that the conveyance was not a gift but a purchase, we think the issue was rightly refused.

Appeal dismissed at the costs of the appellant.